UNITED STATES DISTRICT COURT
SOUTHERN DISTRICTOF FLORIDA

SYLVAN PLOWRIGHT,

    Plaintiffs,　　　　　　　　　　　　　　　　　　CIVIL DIVISION

v.　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO:

MIAMI-DADE COUNTY,
A Political subdivision of the
State of Florida and officers
L. RONDON and A. CORDOVA
    Defendants.
_____/

## COMPLAINT

The Plaintiff, SYLVAN PLOWRIGHT, by and through the undersigned attorney, herewith files this complaint against the Defendants, the MIAMI-DADE COUNTY, Officer L. RONDON individually, and Officer A. CORDOVA individually, and in support thereof would allege as follows:

**JURISDICTION AND VENUE**

1. This court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. 1331 in that this action arises under the laws of the United States of America, and is premised on acts and omissions of the defendants.

2. Jurisdiction founded upon federal law is proper in that this action is premised upon a federal cause of action pursuant to 42 U.S.C. 1983.

3. The plaintiff has satisfied all conditions precedent to bringing this action.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391 as the events which give rise to this complaint took place in this judicial district.

5. This is an action for damages which are more than the sum of $75,000.00 and within the jurisdictional limits of this Court.

**PARTIES**

6. The Plaintiff is over the age of 18 years and is a permanent resident of the County of Miami-Dade and State of Florida, and otherwise *sui juris*.

7. The Defendant. MIAMI-DADE COUNTY is a county government incorporated in the state of Florida and provides services to citizens including police protection.

8. The Defendant L. RONDON is a police officer employed by Miami-Dade County and upon information and belief is resident of Miami-Dade County. He is being sued in his individual capacity.

9. The defendant A. CORDOVA is a police officer employed by Miami-Dade County and upon information and belief is a resident of Miami Dade County. He is being sued in his individual capacity.

**FACTS COMON TO ALL COUNTS**

10. On or about October 6, 2020, Plaintiff was at his residence when he noticed some suspicious activity at the residence of his neighbor.

11. At the time and place he became concerned for his safety, and called the police to report his concerns.

12. The defendant county police department dispatched two officers, RONDON and CORDOVA to plaintiff's home in response to the plaintiff's call for help.

13. The plaintiff owns a dog, NILES, described as an American Bulldog weighing less then 40 pounds. Plowright was extremely attached as his family pet.

14. Late that afternoon October 6, 2020, Plowright called the police because he believed a vacant home near his house was being occupied by suspicious people who were trespassing.

15. The defendant officers approached the front door of plaintiff's home through a dimly lit driveway.

16. As plaintiff came to meet the officers, they immediately began shouting "show me your hands" while their weapons were drawn.

17. Seeing the guns, the plaintiff felt fearful, and because of the officers shouting, his dog sensed their aggressive tone.

18. Although the officers demanded the plaintiff get his dog, as they had their weapons drawn, plaintiff was in fear of his life.

19. The defendant RONDON pointed the red dot of the Taser's laser at the dog, in and out of his eyes, while screaming commands at Plaintiff.

20. The defendant's CORDOVA'S hand were shaking as he pointed the gun at the plaintiff for no reason.

21. The dog, who was wagging his tail, was Tased by the defendant RONDON and sent the dog into shock.

22. After the dog was already down from the Taser, Defendant CORDOVA fired at least two shots from his gun, killing the dog for no reason.

23. The defendant's ordered Plowright on the ground; as his dog laid dying, Plowright was in fear the officers would shoot him for no reason too.

24. Plowright was emotionally devasted having seen the defendant's first Taser, then kill his pet.

25. At all times the defendants were acting in the course and scope of their employment with the county.

26. The plaintiff has presented his claim pursuant to the Florida statutes as a condition precedent to this action and the defendant has not resolved the issues.

## COUNT I – EXCESSIVE FORCE PURSUANT TO 28 U.S.C 1983 AGAINST CORDOVA

27. The plaintiff realleges and incorporates paragraphs 1 through 26 and further alleges:

28. The Fourth Amendment to the U. S. Constitution prohibits unreasonable seizure of persons or property.

29. At the time of the incident the plaintiff had a clearly established constitutional right to be secure in his person from unreasonable seizure through excessive force.

30. Any reasonable officer knew, or should have known that these rights were clearly established, and there is no need to kill a family pet, especially after it has been Tased.

31. Dogs are property for the purpose of the property, and defendant's killing the dog is a seizure under the amendment.

32. Defendant's actions and use of force as described herein were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of the Plaintiff.

33. Defendants' actions and use of force were reckless, callous and deliberately indifferent to plaintiff's federally protected rights. The force used by defendant should shock ones conscience, and violated the law.

34. Defendant is liable to plaintiff for this violation.

35. The defendant is not entitled to qualified immunity for the complained of conduct because he knew it was wrong and violated the 4th Amendment as an unreasonable seizure.

36. As a result of Defendants' negligence plaintiff suffered injury, resulting in pain and suffering, disability, inconvenience, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money in the future and or permanent aggravation of a

previously existing condition. As the injuries are permanent, plaintiff will suffer damages in the future.

37. Plaintiff should be entitled to punitive damages because the conduct was so egregious, willful and wanton, with reckless disregard for plaintiff constitutional rights

### COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST RONDON

38. The plaintiff realleges and incorporates paragraphs 1 through 26 and further alleges:

39. The defendant RONDON responded to the plaintiffs call for assistance and had a duty to act with due care.

40. The defendant RONDON knew he did not have probable cause to shoot the plaintiff's dog after responding to plaintiff's call for police assistance.

41. The defendant RONDON discharged his TASER in bad faith, and with malicious purpose with a willful and wanton disregard for human safety and property.

42. The circumstances surrounding the defendant's use of force, against a helpless animal who had been Tased and being consoled by the plaintiff, are outrageous and beyond the pale of dignity.

43. The defendant acting in the course and scope of his employment engaged in the intentional infliction of emotional distress of plaintiff through unnecessary slaughter of his household pet

44. The defendant's conduct was intentional and reckless with the knowledge that emotional distress would likely result. Said conduct was outrageous and went beyond the bounds of decency to be tolerated in civil society.

45. The direct and proximate result of said conduct caused severe damaging emotional

distress to plaintiff.

46. As a direct and proximate cause of the intentional infliction of emotional distress the plaintiff has suffered psychological trauma, emotional distress, depression, physical trauma, pain, and suffering.

47. As a result of Defendants' negligence plaintiff suffered injury, resulting in pain and suffering, disability, inconvenience, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money in the future and or permanent aggravation of a previously existing condition. As the injuries are permanent, plaintiff will suffer damages in the future.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages and further demands a trial by jury of all issues so triable.

### COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST CORDOVA

48. The plaintiff realleges and incorporates paragraphs 1 through 26 and further alleges:

49. The defendant CORDOVA responded to the plaintiff's call for assistance and had a duty to act with due care.

50. The defendant CORDOVA watched his partner Tase plaintiff's pet for no reason, as the animal did not attack him.

51. The defendant CORDOVA knew he did not have probable cause to shoot the plaintiff's dog after his partner has already Tased the plaintiff's pet.

52. The defendant CORDOVA discharged his firearm killing plaintiff's pet in bad faith, and with malicious purpose with a willful and wanton disregard for human safety and property.

53. The circumstances surrounding the defendant's use of force, against a helpless animal who had been Tased and being consoled by the plaintiff, are outrageous and beyond the pale of dignity?

54. The defendant acting in the course and scope of his employment engaged in the intentional infliction of emotional distress of plaintiff through unnecessary slaughter of his household pet

55. The defendant's conduct was intentional and reckless with the knowledge that emotional distress would likely result. Said conduct was outrageous and went beyond the bounds of decency to be tolerated in civil society.

56. The direct and proximate result of said conduct caused severe damaging emotional distress to plaintiff.

57. As a direct and proximate cause of the intentional infliction of emotional distress the plaintiff has suffered psychological trauma, emotional distress, depression, physical trauma, pain, and suffering.

58. As a result of Defendants' negligence plaintiff suffered injury, resulting in pain and suffering, disability, inconvenience, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money in the future and or permanent aggravation of a previously existing condition. As the injuries are permanent, plaintiff will suffer damages in the future.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages and further demands a trial by jury of all issues so triable.

### COUNT IV - NEGLIGENCE OF MIAMI-DADE COUNTY

59. The plaintiff realleges and incorporates paragraphs 1 through 26 and further alleges

60. The Defendants RONDON and CORDOVA were employed by the county as police officers to maintain public safety.

61. The defendant Miami Dade county has a duty to train their officers how to protect citizens and ensure public safety.

62. Miami Dade county has a duty to make sure its officers are trained in the proper use of force, and when to use the proper amount of force in dealing with pets.

63. The defendant Miami Dade county has violated that duty and failed to adequately train officers on how and when to discharge their weapons when responding to non-emergency calls.

64. As a result of Defendants' negligence plaintiff suffered injury, resulting in pain and suffering, disability, inconvenience, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money in the future and or permanent aggravation of a previously existing condition. As the injuries are permanent, plaintiff will suffer damages in the future.

### COUNT V- MIAMI-DADE COUNTY NEGLIGENT HIRING, TRAINING AND SUPERVISION

65. The plaintiff realleges and incorporates paragraphs 1 through 26 and further alleges:

66. The defendant MIAMI-DADE COUNTY has a duty to provide adequate training and supervision to its officers about discharge of Taser and firearms.

67. The defendants knew or should have know RONDON and CORDOVA did not have adequate training regarding animals and discharging weapons.

68. The defendant Miami-Dade County failure to train and supervise is the direct and proximate cause of the violation of plaintiffs right to life, liberty, and the pursuit of happiness.

69. The defendant knew that their failure to adequately train and supervise RONDON and CORDOVA would result in their improperly using their weapons.

70. As a direct, proximate, and immediate result of the defendant's actions the plaintiff has and will continue to suffer great emotional anguish.

71. As a result of Defendants' negligence plaintiff suffered injury, resulting in pain and suffering, disability, inconvenience, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money in the future and or permanent aggravation of a

previously existing condition. As the injuries are permanent, plaintiff will suffer damages in the future.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory damages and further demands a trial by jury of all issues so triable.

Dated this 17th day of January 2022.

Respectfully Submitted,

/s/ *William C. Robinson*
WILLIAM C ROBINSON, ESQ.
FBN: 386847
P.O. Box 610575
North Miami, FL 33261
Tel: (305) 454-9632
Fax: (786) 520-3972
Email: wcrpleadings@gmail.com